IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                      CR 05-801 JB

ERNST FRED,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Vacate, filed August 8, 2006 (Doc. 65). The primary issue is whether the Court should vacate the trial setting of August 25, 2006 because it did not issue its order on the motion to suppress until August 11, 2006. Because the Court finds hat Defendant Ernest Fred's need to properly prepare for trial outweighs the United States' needs to bring this matter to trial later this month, the Court will grant Fred's motion.

**PROCEDURAL BACKGROUND**

Fred allegedly confessed to the charged crimes in an interview with FBI agents. On April 12, 2005 -- over sixteen months ago -- a grand jury returned an indictment charging Fred with Aggravated Sexual Abuse with Children. The Honorable Richard L. Puglisi, United States Magistrate, released Fred by order dated April 15, 2005. He remains on release and remains fully employed.

Fred presented his Motion to Suppress at a hearing the Court held on April 14, 2006. Fred's confession was the subject of the suppression hearing. The Court orally indicated at the hearing that it was not inclined to grant Fred's motion to suppress.

In the time since the hearing, the parties' counsel discussed, on more than two occasions, that, until they know what the Court's ruling on the Motion to Suppress is, they cannot chart the course of plea negotiations and that further pre-trial defense motions cannot be resolved. The deadlines for the filing of pre-trial motions has, in the interim, passed. Fred also represents that his wife had major cancer surgery in late June, and part of her stomach and intestines were removed. He states that, because he has been caring for his wife, he has been unable to assist or meet with his attorney to prepare for trial. Fred's wife returned to light duty work in late July or early August, and Fred will again be available to assist in his defense.

The Court had the Motion to Suppress Statement under advisement, pending decision, during the summer. The Court had a heavy docket, some of it in Las Cruces, the week of August 7-11, 2006. Because of a busy trial schedule during the summer months, the Court did not issue, and the parties did not receive, the Court's decision until August 11, 2006.

The Court has set the trial for August 21, 2006. Fred's attorney is sole chair trying first-degree murder cases in state district court on August 28, 2006 and September 18, 2006, and represents that he is unable to invest significant time with Fred, at this late date and before late September, to prepare his case.

The prosecution, through Assistant United States Attorney Kyle Nayback opposes this motion. Fred waives any violation of the speedy trial rule that the Court's granting of this motion may cause. The United States contends that Jane Doe, the alleged victim, has expressed frustration at the amount of delay in seeing this matter proceed to trial. The United States is concerned that Jane Doe may soon be reluctant to participate at all in a matter that has taken nearly one and a half years to be resolved. The United States also represents that it is prepared to proceed to trial on August 21,

2006, and Mr. Nayback will not be available to try this matter from September 25 to October 25, 2006 because of personal matters scheduled months ago.

## ANALYSIS

In matters such as these, justice delayed can be justice denied. Where the defendant accuses the victim of lying and successfully delays a trial, he, as a result, delays any repercussions from the charges brought against him. The defendant often has no incentive to proceed to trial in a matter where he is facing a substantial amount of time in incarceration, but under current court order is free from custody and is otherwise living a normal life. And given the general congestion of the Court's calendar, it often is not in the interest of justice to delay the matter further.

On the other hand, Fred is under obligation to submit no unnecessary or unwarranted pre-trial motions to the Court and has not done so. Until Fred received the Court's decision on his Motion to Suppress Statement, he could not properly prepare for trial, determine which witnesses are essential, decide if additional pre-trial motions are necessary, direct his investigator to conduct the essential investigation, or prepare to provide effective assistance of counsel. Given where the Court, the parties, and the counsel find themselves and their schedules find themselves in mid-August, it is in the best interests of justice, does not materially prejudice any party, and protects the public's interest in a speedy and public trial, for the Court to vacate and re-set the trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that Fred's interest in a brief delay outweighs his and the public's interest in a speedy trial later this month.

**IT IS ORDERED** that the Defendant's Motion to Vacate Trial Setting is granted.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Kyle T. Nayback
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    Attorneys for the Plaintiff

John F. Moon Samore
Albuquerque, New Mexico

    Court-Appointed Attorney for the Defendant