## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                              No. CR 05-801 JB

ERNEST FRED,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Definite Trial Setting, filed August 17, 2006 (Doc. 70).  The Court held a hearing on the motion on August 30, 2006.  The primary issue is whether the Court should vacate the September 11, 2006 trial setting given the trial schedule of counsel for Defendant Ernest Fred and given that there are still discovery motions pending.  Because the Court believes that squeezing this trial in between defense counsel's other commitments would be unfair to Fred's trial preparation, and because discovery motions remain unresolved, the Court will grant the motion in part and deny the motion in part, will vacate the trial setting for September 11, 2006, will set a hearing on Fred's pending motions for September 12 and 13, 2006 at 7:00a.m., and set the trial of this matter for October 30 and 31, 2006.

## PROCEDURAL BACKGROUND

On April 12, 2005, a federal grand jury indicted Fred, charging him with two counts of Aggravated Sexual Abuse with Children in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), and 1153.  See Indictment of Ernest Fred, filed April 12, 2005 (Doc. 1).  On October 13, 2005, Fred moved to suppress statements he made to FBI investigators during the agents'

investigation of the crimes with which Fred is now charged.  Specifically, Fred sought to suppress the confession he made to agents during an interview at the FBI office in Gallup, New Mexico on or about December 8, 2004.

The Court denied Fred's motion to suppress on August 11, 2006.  <u>See</u> Memorandum Opinion and Order, filed August 11, 2006 (Doc. 68).  Before the Court issued its ruling on Fred's Motion to Suppress, Fred moved to vacate the trial, which had been set for August 21, 2006.  <u>See</u> Motion to Vacate Trial Setting, filed August 8, 2006 (Doc. 65).  Fred detailed in his motion to vacate trial the scheduling conflicts his defense counsel had for the week of September 11, 2006.

In its Memorandum Opinion and Order granting Fred's Motion to Vacate the trial setting, over the United States' objections, the Court recognized: "The defendant often has no incentive to proceed to trial in a matter where he is facing a substantial amount of time in incarceration, but under current court order is free from custody and is otherwise living a normal life."  Memorandum Opinion and Order at 3 (Doc. 69).  The Court cautioned that, once it put a case on its trailing docket, it often is difficult to get the case back on the Court's docket without some delay, which could deny justice. <u>See</u> <u>id.</u>  Nevertheless, "[g]iven where the Court, the parties, and the counsel [found] themselves and their schedules . . . in mid-August," the Court found it was "in the best interests of justice, does not materially prejudice any party, and protects the public's interest in a speedy and public trial, for the Court to vacate and re-set the trial."  <u>Id.</u>  The Court granted "a brief delay" in the trial.  <u>Id.</u>

Fred received the Court's order granting the motion to vacate trial on August 14, 2006.  Fred has filed no additional motions since the Court denied his motion to suppress, nor has he provided any additional notice that he will file more motions.

The case is currently on the Court's September 11, 2006 trailing docket.  The Court's order

granting Fred's motion to vacate trial did not set that date, but rather the Court set it on that date as a matter of convenience to the Court's calendaring of this case and other matters on its trailing docket.

The United States moves the Court to set a definite trial setting in this matter for the week of September 11, 2006. The United States requests that the Court place the matter first on the trailing docket, and that the Court reserve September 11, 2006 or some period of time during the week of September 11, 2006 for a trial in this matter. The United States expects the trial to last two days.

The United States represents that Jane Doe, the alleged victim of the child molestation in this matter, has become frustrated with the continued delays. The United States is concerned that she will become reluctant to participate at all. The United States indicated at the hearing on this motion that Jane Doe currently resides in foster custody in the greater Phoenix area. In addition, Jane Doe's guardians are expecting a child in the month of October, so both of her legal guardians would be unable to assist her in any travel to Albuquerque for a trial that month.

Kyle Nayback, Assistant United States Attorney, will be unavailable to try this matter from September 25 to October 25, 2006, because of personal matters scheduled months ago. Mr. Nayback is available to try this matter until September 22, 2006. The United States does not oppose the assistance of another judge to handle this matter.

Fred represents that, both in writing months ago and by counsel, his attorney has personally informed the United States that he requests it provide Jane Doe's school, juvenile tribal court, and psychological records. Fred has no objection to a definite trial setting.

**18 U.S.C. § 3161(h)(8)(C)**

"No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar."  18 U.S.C. § 3161(h)(8)(C).

**ANALYSIS**

The United States contends that the Court, in its most recent order granting Fred's Motion to Vacate trial setting, recognizes that Fred has successfully delayed a trial in this matter for over sixteen months.  The Court has, however, made no such finding.  A year passed before Fred filed his motion to suppress and the matter came to the full attention of the Court; the Court does not have a full picture why there was that delay.

On the other hand, the delay of over sixteen months has been substantial.  Fred's counsel has had sixteen months to investigate and prepare for this matter.  The case does not appear to be complex.  The Court, in its order vacating the August trial, has addressed possible adverse implications of further delay.  In matters such as these, the defendant may not, as the Court recognized in its order vacating the trial date, have an incentive to proceed to trial.  Fred has not felt the full repercussions that he may eventually face from the grand jury indictment brought against him alleging charges of Aggravated Sexual Abuse with Children.  The Court is concerned about the United States' representations that the alleged victim feels the justice system is, with over sixteen months of delay, ignoring her.  This case is important to the United States.  Any further delay rewards only Fred.

The Court has largely dealt with the scheduling conflicts of Fred's counsel in its order granting the motion to vacate.  Although Fred's counsel does not raise a conflict the week of September 11, 2006, he has indicated why it would be difficult for him, given his other trials, to try

-4-

this case that week.  The Court will make a setting at a time that does not jeopardize Fred's right to a fair trial.

The United States argues that the Court should preclude Fred from filing any last minute motions in an attempt to further delay the matter.  Fred responds that, if the United States were truly interested in a prompt, fair trial setting, it might have voluntarily provided these records rather than delay the matter further by forcing a motion hearing.  The United States contends that Fred's counsel requests information regarding the victim that is not in its possession and that is not discoverable under rule 16 of the Federal Rules of Criminal Procedure.      Fred is trying to attack the credibility of the young victim.  Her credibility before the jury is likely to be a key issue.  The documents that Fred seeks appear possibly relevant and perhaps essential for his defense.

The United States has decided, as it has a right to do, to force Fred to file motions to compel disclosure of allegedly relevant evidence regarding the credibility of its primary witness.  The United States contends that the Court can resolve any pending motions before a trial on September 11, 2006. While the Court does not believe that it would be fair to Fred to go to trial the week of September 11th, it will set hearings on all party motions for that week.

The Court has recognized its busy schedule and the general congestion of its calendar.  The law clearly provides, however, that it shall not grant a continuance because of general congestion of the Court's calendar.  <u>See</u> 18 U.S.C. § 3161(h)(8)(C).  The Court does not base its decision in any way on the congestion of its calendar or its busy schedule.  The Court would be willing to transfer this case to another judge to try it the week of September 11th if it thought another judge would do anything different than it has done.  The Court believes that any judge, given the trial schedule of Fred's counsel, would do the same as it has done here and vacate the trial set for September 11th.

Finally, the United States, in its briefs, characterizes some cases as high profile and low profile. The Court does not differentiate between cases in such a manner. Those also are not grounds for a continuance. Again, the publicity or lack thereof surrounding a trial is not the basis for this order.

In sum, the Court finds that the ends of justice are served by granting a continuance, as the need for granting the continuance herein outweighs the interest of the public and the defendant in a speedy trial. Neither party will be unduly prejudiced by granting Fred's request. Fred concurs in this order. Pursuant to 18 U.S.C. § 3161(h)(8)(A), the time from the date of the order granting the continuance to the commencement of the trial in this cause will be excluded for the purposes of the Speedy Trial Act.

**IT IS ORDERED** that the United States' Motion for Definite Trial Setting is granted in part and denied in part. The Court will deny the motion with regard to the September 11, 2006 setting. The Court will grant the motion for the definite setting of a trial date at the parties' convenience or on October 30 and 31, 2006.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District
    of New Mexico
Kyle T. Nayback
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

John F. Samore
Albuquerque, New Mexico

*Attorneys for the Defendant*