## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                              No. CR-05-801 JB

ERNEST FRED,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Fred's First Motion to Compel Discovery, filed April 21, 2006 (Doc. 52)("Motion to Compel").  The Court held a hearing on this motion on October 27, 2006.  The primary issue is whether the Court should order the United States to produce: (i) the alleged victim's school files, including her grade reports, attendance record, counseling report, disciplinary actions, any psychological evaluations, or documents related to counselor visits, including but not limited to the notes that the counselors took during those visits; and (ii)  the full curriculum vitae or resume of Federal Bureau of Investigation Special Agent Devon Mahoney, who conducted the extensive interview of Fred on December 8, 2004.  Because some of the information is not in the United States' possession, custody, or control, and because the United States does not need to produce any of the information under Jenks v. United States, 353 U.S. 657 (1957), or under rule 16 of the Federal Rules of Criminal Procedure, the Court will deny Fred's motion.

## FACTUAL BACKGROUND

The United States accuses Fred of improper sexual contact with his minor daughter on three

occasions, but with no date certain as to the incidents.  See Indictment, filed April 12, 2005 (Doc.

1).  Fred represents that no physical evidence exists for any of the alleged violations.  See Motion to

Compel at 2.  Fred has no prior criminal record.  See id.

       The alleged victim, Natisha, was a teenager at the time the incidents allegedly occurred.  See

Indictment at 1.  Fred alleges that she has an extensive history of being a runaway, of drug use, of

poor attendance at school, and of other status crimes as a juvenile.  See Motion to Compel at 2.

Fred represents that many of these status crimes pre-date the range of time when the incidents at issue

in this case occurred.  See id.

       Fred asserts that Natisha's birthmother has an extensive alcohol and drug abuse history, and

that, because her birthmother abandoned her, Natisha lived much of her life with her grandmother.

See id.  Her grandmother has passed away while this case has been pending, and Natisha now lives

with an aunt and uncle.  See id.  Fred and his counsel argue, based upon reasonable belief and his

counsel's past experience with these kind of cases, that Natisha is very likely to have undergone

counseling and other evaluations since the date of the alleged incidents.  See id.

       Fred contends that the primary evidence against him is an alleged admission he made during

an interview with Mahoney on December 8, 2004.  See Motion to Compel at 1.  At the conclusion

of that interview, Fred signed a written statement that Mahoney had prepared, and that purported to

document the content of his statements during the interview.  See Transcript of Evidentiary Hearing

at 23:3-16 (taken April 14, 2006)("April 14 Transcript").[1]  Mahoney testified that he has never in his

career obtained a false confession.  See id. at 54:7-10.

_____

     [1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

## PROCEDURAL BACKGROUND

Mahoney's interview of Fred was the subject of Fred's Motion to Suppress Statement. <u>See</u> Motion to Suppress Statement, filed October 13, 2005 (Doc. 24). The Court held an evidentiary hearing on Fred's motion to suppress on April 14, 2006, and, at that time, indicated to the parties that it was inclined to deny Fred's motion to suppress. <u>See</u> April 14 Transcript at 118:7-16. Fred informed the Court and opposing counsel that, based upon the Court's suggested ruling at the conclusion of the hearing, he would file additional pre-trial motions within one week. <u>See id.</u> at 118:24 - 119:1. While the Court did not issue its ruling until August 11, 2006, <u>see</u> Memorandum Opinion and Order, filed August 11, 2006 (Doc. 68), in the interest of time, Fred filed this motion. The Court has set the trial in this matter to begin on December 4, 2006. <u>See</u> Order, filed September 20, 2006 (Doc. 80).

The information requested by Fred includes, but is not limited to, the victim's school records, Mahoney's resume, and Mahoney's and other law enforcement officer's notes related to the investigation of Fred.[2] <u>See</u> Motion to Compel at 2-3. The United States represents that, as of the filing of its response to this motion, it is in full compliance with all discovery obligations under the Federal Rules of Criminal Procedure and under the Court's Discovery Order, filed April 15, 2005 (Doc. 5). <u>See</u> Government's Response to Defendant's First Motion to Compel Discovery ¶ 1, at 1, filed May 1, 2006 (Doc. 55)("United States' Response"); Transcript of Hearing at 33:9-11 (taken

---

[2]Fred has filed a separate motion specifically requesting the United States produce any personal notes or investigative materials that Mahoney may have created during his interview with Fred. <u>See</u> Defendant Fred's Motion and Brief Memorandum of Authorities for Early <u>Jencks</u> Act Disclosure, filed April 21, 2006 (Doc. 54). The Court will enter a separate Order resolving that motion and request, and will confine its analysis in this memorandum opinion and order to Fred's requests for the alleged victim's school records, and for Mahoney's resume and other associated background materials.

October 27, 2006)(Nayback)("October 27 Transcript").  The United States also states that it has

provided Fred with all case-related information that is in its possession.  See United States' Response

¶ 1, at 1.

## RULE 16

Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure provides:

Upon a defendant's request, the government must permit a defendant to inspect and
to copy or photograph the results or reports of any physical or mental examination
and of any scientific test or experiment if:

(i) the item is within the government's possession, custody, or control;

(ii) the attorney for the government knows – or through due diligence
could know – that the item exists; and

(iii) the item is material to preparing the defense or the government
intends to use the item in its case-in-chief at trial.

Fed. R. Crim. P. 16(a)(1)(F).  While the language of rule 16 is permissive, it does not authorize "a

blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a

"fishing expedition" intended to see if potentially useful information may present itself.  United States

v. Maranzino, 860 F.2d 981, 985-86 (10th Cir. 1988)(citing Jencks v. United States, 353 U.S. 657,

667 (1957)).  Rule 16 does not obligate the United States to produce information which it does not

possess.  See United States v. Badonie, No. CR 03-2062 JB, 2005 U.S. Dist. LEXIS 21928, at **5-

6 (D.N.M. Aug. 29, 2005)(Browning, J.)("It is well settled that there is no affirmative duty upon the

government to take action to discover information which it does not possess.")(quoting United States

v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991)(internal quotation omitted)).  Nor is the United States

required to secure information from third parties.  See United States v. Gatto, 763 F.2d 1040, 1048

(9th Cir. 1985)(holding rule 16 does not contain a due diligence element requiring a prosecutor to

search for evidence not within the government's possession, custody, or control).

Evidence, including tangible objects, is "in the possession of the government if the prosecutor has knowledge of and access to the documents sought by the defendant." United States v. Santiago, 46 F.3d 885, 893 (9th Cir. 1995)(internal quotations omitted). See 25 Moore's Federal Practice, § 616.05[1][e] (Matthew Bender 3d ed. 1997)("[T]angible objects will be considered as being in the possession of the government only if they are in the actual possession of the prosecutor or the prosecutor has knowledge of and access to the objects while they are in the possession of another federal agency."). More specifically, objects in the possession of state authorities, foreign governments, or private parties are not discoverable under rule 16. See United States v. Levitt, No. 98-2352, 1999 U.S. App. LEXIS 28888, at *6 (10th Cir. Nov. 3, 1999)(holding private medical records not in the custody of the United States were not discoverable under rule 16);[3] United States v. Sandoval, No. CR 04-2362 JB, Memorandum Opinion and Order, filed June 9, 2006 (Doc. 122)(Browning, J.)(holding, in a case involving sexual abuse of minors, that the United States did not have to produce school and medical records of the victims or records of tribal proceedings involving the victims); United States v. Badonie, No. CR 03-2062 JB, 2005 U.S. Dist. LEXIS 21917, at **5-7 (D.N.M. Aug. 29, 2005)(holding that the United States did not have to produce documents in the Navajo Nation's possession).

## ANALYSIS

Fred seeks certain records that, realistically, may not be available to him without parental

---

[3]The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria, and the rules therefore allow citation to this unpublished decision.

authorization, law enforcement order, or court order.  Fred argues that the information he seeks is exclusively within the control of the United States' Attorney's Office, its agents, or its associating law enforcement authorities.  <u>See</u> Motion to Compel at 2.  While some of the information that Fred seeks may be relevant, the rules of criminal procedure relating to discovery in criminal cases are not as broad as those governing civil cases.  Fred may not engage in a fishing expedition in an attempt to discover useful information.  Finally, the United States is not obligated to produce any evidence that is not in its possession, custody, or control.  To the extent that Fred is seeking documents that are not in the United States' possession, the Court will deny his request.

Fred has requested information that the United States represents is not in its custody.  <u>See</u> United States' Response ¶ 2, at 1.  At the hearing, Fred indicated that he was primarily seeking materials from the files of public schools that Natisha attended in Gallup, New Mexico, and Phoenix, Arizona.  <u>See</u> October 27 Transcript at 32:4-21.  Fred has not argued that the entities in possession of the school records and information can be considered federal agencies or that the United States Attorney's Office has access to this information at the schools.  Rather, Fred asserts that the "[i]nformation is readily available to the Prosecution," without providing any grounds for this assertion.  Motion to Suppress at 3.  The Court believes that, as to the school records, such information is not in the United States' possession, custody, or control pursuant to rule 16, and that the law does not require the United States to produce such information.  That the United States might ask for the requested information, and that there is a chance, although not a certainty, that the requested entities might comply with the United States' request does not equate to possession, custody, or control.  The United States has no obligation to secure evidence in the possession of third parties on Fred's behalf.

The United States also argues that some of the information Fred seeks may be confidential. See United States' Response ¶ 2, at 1.  The Court need not decide those issues on this motion.  If Fred desires school records, he should seek them directly from the schools, and if a school raises a confidentiality issue, the Court can decide that issue in a concrete context rather than abstractly without any knowledge about the documents requested or in the school files and about the specific confidentiality arguments raised.

Fred argues that Mahoney's "professional record, training programs he has attended, seminars, and other cultivation of job skills is highly relevant to cross-examination at trial."  Motion to Compel at 2-3.  The United States responds that none of the requested information is relevant to any material fact which is in dispute.  See United States' Response ¶ 2, at 1.  The Court cannot say that none of the requested information might be relevant at trial, but the Court also cannot say that any of it will be relevant, useful, or admissible at trial. Accordingly, these requests do not appear to be targeted attempts to acquire material information, but rather requests for information that may or may not turn up relevant information that would help Fred in the manner of a fishing expedition.

Fred has not articulated, specifically, how the information he seeks about Mahoney is material, as rule 16 uses that term, to preparing his defense, and there is no indication that the United States plans to use the information that Fred seeks in its case-in-chief at trial.  See United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996)("Although the materiality standard is 'not a heavy burden,' the Government need disclose Rule 16 material only if it 'enables the defendant significantly to alter the quantum of proof in his favor.'"); Fed. R. Crim. P. 16(a)(1)(F)(iii).  Without more, Fred's request about Mahoney's background is insufficient to meet the more conservative discovery rules applicable to criminal cases.  Moreover, he will be able to secure most, if not all, of this information from

-7-

Mahoney during cross-examination. Fred is conducting discovery as if he were a civil litigant; the law and rules require more.

Because Fred has not shown that the information he seeks about school records is within the United States' possession, custody, or control, and because Fred has not shown that the information about Mahoney is material as rule 16 uses that term, the Court will deny the motion.

**IT IS ORDERED** that Defendant Fred's First Motion to Compel Discovery is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
Kyle T. Nayback
  Assistant United States Attorney for the
   District of New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

John F. Moon Samore
Albuquerque, New Mexico

      *Attorneys for the Defendant*