IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         No. CR 05-801 JB

ERNEST FRED,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the United States' Motion in Limine Regarding Prior Sexual Assaults, filed November 13, 2006 (Doc. 92)("Rule 413 Motion"). The Court held a hearing on this motion on November 27, 2006 and discussed the motion with the parties at another motion hearing on November 28, 2006. The primary issue is whether the Court should, pursuant to rule 413 of the Federal Rules of Evidence, allow the United States to admit evidence of several uncharged incidents of alleged sexual assault by Defendant Ernest Fred against the victim. Because the Court concludes that one of the uncharged incidents is similar to the two charged incidents, and because the Court believes the probative value of that evidence outweighs the risk of unfair prejudice, the Court will grant the United States' motion in part. Because the Court finds that some of the conduct alleged is inadmissible propensity evidence that is not within the scope of rule 413, is not offered for a permissible purpose under rule 404(b), and does not fall within the res gestae of the United States' case, the Court will deny the motion in part.

## CHARGED SEXUAL ASSAULT ALLEGATIONS

    On April 12, 2005, a grand jury returned an indictment charging Fred with two counts of criminal sexual assault in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), and 1153. See Redacted

Indictment, filed April 12, 2005 (Doc. 1)("Indictment"). In the Indictment, the United States charges that, on two occasions in September and October 2004, Fred picked up his daughter, Natisha, at her grandmother's home and brought her to his home where he had Natisha perform chores for him. See Rule 413 Motion at 2. The United States alleges that, after Natisha performed the chores, Fred requested she rub his back. See id. The United States charges that, once Natisha began rubbing Fred's back, he began to kiss her on the mouth, he put his hands into her pants and rubbed her vagina, he kissed her bare breasts, and he asked her to rub his penis. See id.

## UNCHARGED SEXUAL ASSAULT ALLEGATIONS

On December 6, 2004, Federal Bureau of Investigation Special Agent Devon P. Mahoney interviewed Natisha in Red Rock, New Mexico. Natisha advised Mahoney that, on the two occasions described in the Indictment, Fred molested her and did, among other things, rub her vagina, not through her clothing, with his hand.

The United States alleges in its Rule 413 Motion that on a separate, third occasion, Fred committed sexual acts that are not charged in the Indictment, but that are admissible under rule 413. The allegations related to this third incident are documented in an FBI 302 Form that Mahoney prepared and that is dated December 6, 2004. See Rule 413 Motion, Exhibit 1 ("302 Form"). The United States has disclosed the 302 Form to Fred. See Rule 413 Motion, Certificate of Service at 3-4.

According to the 302 Form that Mahoney prepared, Natisha advised that, in late October 2004, Fred picked her up at her grandmother's house, and compelled her, against her will, to return with him to his house. See 302 Form at 2. Natisha told Mahoney that, when she arrived at Fred's house, she retrieved firewood for him. See id. When she completed that task, Fred asked her to

come into his bedroom and give him a backrub, and later asked her to rub his leg. See id. Natisha stated that Fred pulled up her shirt and bra, and began kissing her bare breasts with his mouth. See id. Fred allegedly also placed Natisha's hand around his penis; he then placed his hand over Natisha's hand and moved both of their hands over his penis. See id. Natisha told Mahoney that she began to cry. See id. Fred allegedly then had Natisha sit on his chest and straddle him, pulling her onto his penis. See id. According to the 302 Form, Natisha indicated that, during this encounter, she was wearing sweat pants and a T-shirt, and that Fred was wearing trousers. See id. At the November 27, 2006 hearing on this motion, however, the United States' counsel represented that it was his understanding that there was direct contact between Natisha's hand and Fred's penis during this uncharged incident. See Transcript of Hearing at 29:12-18 (Nayback)(taken November 27, 2006)("Transcript").[1] At the November 28, 2006 hearing, the United States stated it could not make any representations beyond what was contained in the 302 Form. See Transcript of Hearing at 48:24 - 49:9 (Nayback)(taken November 28, 2006)("November 28 Transcript"). Thus, for purposes of this motion, the Court will assume both were clothed when Fred had Natisha sit on his penis.

At the hearing on this motion, the United States introduced evidence of two incidents that the United States represents occurred shortly -- just one or two weeks -- before the other charged and uncharged activity in this case. See Transcript at 5:11-13; id. at 7:4-7 (Nayback). The United States submitted to the Court another FBI 302 form, dated January 3, 2005, which documents a telephone call between Mahoney and Natisha. See Rule 413 Motion, Exhibit 2 ("January 302 Form"). The United States alleges that, on these two additional occasions, Fred picked up Natisha at her

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

grandmother's home while his wife was at work, and brought Natisha to his home.  See Transcript at 7:23-25 (Nayback).  Natisha advised that Fred would compel her to take showers at his home, even if she had already showered at her own home.  See January 302 Form.  During these showers, Fred would allegedly watch Natisha undress and then proceed to pour water over her, because Fred's house was not equipped with running water.  See id.

## PROCEDURAL BACKGROUND

Fred is charged with two counts of aggravated sexual abuse.  See Indictment.  This matter has a firm trial setting of December 4, 2006.  The United States moves in limine, pursuant to rule 413, for a pretrial order permitting it to introduce evidence of the uncharged sexual assault that Fred allegedly committed.

The United States did not mention the shower incidents in its written motion but first brought them to the Court's attention and presented the Court with the January 3, 2005 Form 302 at the hearing.  Rule 413 provides that such evidence must be disclosed to the defendant at least fifteen days before trial or at such later time as the court may allow for good cause.  See Fed R. Evid. 413(b). Because the United States does not contend that the shower incidents are within the scope of rule 413, the deadline does not apply.  Moreover, Fred's counsel represented that he was aware of the incidents, agreed that they could be treated as part of the United States' motion, and did not have any timing objections to the Court considering the evidence.  See Transcript at 5:15-21 (Samore).  The United States asserts that the evidence of the shower incidents does not fall within the scope of rules 404(b) or 413, but that the Court should admit the evidence related to the shower incidents pursuant to a theory of res gestae, i.e. that it will allow the United States to present its case in its full context. See Transcript at 7:9-11; id. at 8:15-18 (Nayback).  Although Fred has not filed a written response

to the United States' motion, he argued in opposition to the Court granting the motion at the November 27, 2006 hearing. See Transcript at 4:17 - 5:5 (Samore).

## RULE 413

Rule 413 provides that, in cases where a defendant is charged with an offense of sexual assault, "evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413(a). See Fed. R. Evid. 414 (permitting the admission of evidence of the defendant's commission of similar crimes of child molestation when the defendant is charged with child molestation); Fed. R. Evid. 415 (permitting the admission of evidence of the defendant's commission of similar acts of sexual assault or child molestation in civil cases concerning sexual assault or child molestation). Evidence is admissible under rule 413 when: (i) the defendant is on trial for a sexual assault offense; (ii) the proffered evidence relates to another sexual assault; and (iii) the evidence is relevant. Seeley v. Chase, 443 F.3d 1290, 1294 (10th Cir. 2006); United States v. McHorse, 179 F.3d 889, 897-98 (10th Cir. 1999). For the purposes of rule 413, an "offense of sexual assault" includes any crime under federal law that involved:

> (1) any conduct proscribed by chapter 109A of title 18, United States Code;
> (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
> (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;
> (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(4).

Fed. R. Evid. 413(d)(1)-(5). The United States Court of Appeals for the Tenth Circuit has held that, when evidence falls within rule 413's scope, there is a presumption that the evidence is admissible. United States v. Enjady, 134 F.3d 1427, 1431 (10th Cir. 1998). Rule 413 reflects Congress' belief

that it is "necessary to lower the obstacles to admission of propensity evidence in . . . sexual assault cases [because of] the assistance it provides in assessing credibility." Id.

Despite rule 413's language, and the presumption in favor of admission, the Tenth Circuit has held that, consistent with rule 403, district courts must still weigh the probative value of evidence introduced pursuant to rule 413 against its prejudicial impact. See Seeley v. Chase, 443 F.3d at 1294; United States v. Guardia, 135 F.3d 1326, 1330 (10th Cir. 1998)("We hold that a court must perform the same 403 analysis that it does in any other context, but with careful attention to both the significant probative value and the strong prejudicial qualities inherent in all evidence submitted under 413."). In applying rule 403 to the proffered evidence, the Court should consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Seeley v. Chase, 443 F.3d at 1295 (quoting United States v. Enjady, 134 F.3d at 1433). Finally, while the Tenth Circuit has acknowledged that propensity evidence has "indisputable probative value," its worth in any particular case is based on multiple factors, including "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." United States v. Guardia, 135 F.3d at 1331.

## LAW REGARDING RES GESTAE

The Tenth Circuit has explained that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae -- as part and parcel of the proof of the offense[] charged in

the indictment." United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995)(alteration in original)(internal quotations and citations omitted). See United States v. Powell, No. 98-1111, 1999 U.S. App. LEXIS 7307, at **13-14 (10th Cir. Apr. 16, 1999)(upholding admission of res gestae evidence).[2] The Tenth Circuit has approved using res gestae evidence "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the res gestae." Id. (internal quotations and citations omitted). The United States Court of Appeals for the Sixth Circuit has defined res gestae as "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000)(citations omitted). See United States v. McVeigh, 153 F.3d 1166, 1203 (10th Cir. 1999)(describing res gestae evidence as "inextricably intertwined with proper evidence" (internal quotations omitted)). As the Sixth Circuit explained in United States v. Hardy:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

United States v. Hardy, 228 F.3d at 748 (citation omitted). Res gestae evidence, therefore, is admissible because it provides the jury with the "setting" of the case. United States v. Roberts, 548 F.2d 665, 667 (6th Cir. 1977)("[The jury] cannot be expected to make its decision in a void --

---

[2]The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria, and the rules therefore allow citation to this unpublished decision.

without knowledge of the time, place and circumstances of the acts which form the basis of the charge.").

## ANALYSIS

The United States submits that the evidence that Fred previously committed sexually assaultive acts is admissible as evidence either in its case in chief, on cross-examination, or in rebuttal. See Rule 413 Motion at 2. The United States contends that the evidence of the uncharged sexual assault documented in the 302 Form is admissible to demonstrate Fred's "overwhelming need for sex and his consistent pattern of sexual assault." Id. The United States further contends that the evidence of the shower incidents documented in the January 302 Form is admissible as res gestae evidence, because it is necessary for the prosecution to present its case in a full context. See Transcript at 7:4-13 (Nayback). Because the Court agrees that the evidence of the uncharged sexual assault is admissible pursuant to rule 413, but that the evidence of the shower incidents is not necessary contextual information that the jury will need to properly decide the case, the Court will admit the former, and exclude the latter.

### I.     EVIDENCE OF THE UNCHARGED SEXUAL ASSAULT IS ADMISSIBLE PURSUANT TO RULE 413.

The United States argues that evidence of the uncharged incident documented in the 302 Form is admissible evidence pursuant to rule 413. Fred has not filed a written response to the United States' motion, but at the hearing on this motion, Fred represented that he will oppose the admission of this evidence for the record as being overly prejudicial to the defense, but acknowledged that the federal law likely supports the admission of this evidence. See Transcript at 10:6-14 (Samore). Despite Fred's concession, the Court has carefully reviewed the United States' motion, and the law relevant to evidentiary admission under rule 413, and concludes that evidence related to the

uncharged sexual assault is admissible.

In considering the admissibility of the United States' proffered evidence, the Court must first consider the three requirements the Tenth Circuit has enumerated as determinative whether evidence offered under rule 413 is admissible. The first two requirements, that Fred is accused of an offense of sexual assault, and that proffered evidence is of Fred's commission of another offense of sexual assault, are not in dispute. The substantive statutory provisions under which Fred is charged, 18 U.S.C. §§ 2241(c) and 2246(2)(D), both fall within chapter 109A of title 18, United States Code. The alleged conduct that constitutes the uncharged incident, if true, also constitutes conduct that chapter 109A proscribes. See Fed. R. Evid. 413(d)(1). In addition, all three incidents involve non-consensual contact between Fred and Natisha's genitals, or between Natisha and Fred's genitals.[3] See Fed. R. Evid. 413(d)(2)-(3). Thus, the first two requirements are met.

The Court must also determine whether the evidence of the uncharged incident that the United

---

[3] At the November 27, 2006 hearing on this motion, the United States' counsel stated that, during the uncharged sexual assault incident, Fred did not make skin-to-skin contact with Natisha's vagina, but that Natisha's hand made direct contact with Fred's penis, not through the clothes. See Transcript at 9:3-4; id. at 29:9-18 (Nayback). At the November 28, 2006 hearing, the United States' counsel stated it could not make the latter representation and that it could not go beyond the 302 Form. See November 28 Transcript at 48:24 - 49:9 (Nayback). The 302 Form documenting Mahoney's interview with Natisha indicates that Fred was wearing trousers, described as "shorties," during this encounter. 302 Form at 2. In any case, the Court does not believe that whether Natisha's hand made direct contact with Fred's penis is material to its analysis. First, rule 413's plain language does not require skin-to-skin contact. Second, at least one Circuit Court of Appeals has determined that the fact a defendant may have touched a victim through clothing does not preclude the admission of evidence under rule 413(d), because "touching through the clothing does satisfy the requirements of . . . subsection (1), which refers to 'any conduct proscribed by chapter 109A of title 18, United States Code.'" Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 158 (3d Cir. 2002)(citing 18 U.S.C. § 2244, which proscribes "abusive sexual contact," and 18 U.S.C. § 2246(3), which defines "sexual contact" as "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person")(emphasis added).

States wishes to offer is relevant. Evidence is relevant for the purposes of rule 413 if it tends to show that the defendant has a particular propensity and that the propensity relates to the charged crime. See Seeley v. Chase, 443 F.3d at 1294. Because of its similarity to the evidence that constitutes the basis for the crimes with which Fred is charged, the evidence that the United States wishes to admit satisfies both these prongs and is relevant.

The Court gave some thought to how relevant a similar incident with the same victim really is. The jury, after all, will have to evaluate Natisha's credibility, and if it believes Natisha on the two charged incidents, it is unclear how the uncharged incident helps the jury. The appellate cases have not, however, shown interest in such a distinction. See United States v. Tail, 459 F.3d 854, 858 (8th Cir. 2006)(finding defendant's previous conviction for second-degree rape "was probative because it involved the same victim and an act that occurred close in time and under circumstances similar to the crime charged in this case."); United States v. Castillo, No. 98-2191, 1999 U.S. App. LEXIS 18226, at *5 (10th Cir. Aug. 4, 1999)(analyzing evidence offered under rule 414 and affirming the district court's findings that testimony of defendant's daughters describing both charged and uncharged acts was "highly probative of the fathers's sexual proclivities towards his daughters and a demonstrated pattern of sexually abusing them," and helpful "in assessing the girls' credibility in light of any confusion of specific factual details as to the charged acts"). The Tenth Circuit has allowed 413 evidence in a situation involving the same victim. See United States v. Castillo, 1999 U.S. App. LEXIS 18226, at *5.

The incident involving Natisha is a "similar" sexual act to those incidents that constitute the basis of Fred's charged crimes. In all three incidents, Fred allegedly picked up Natisha from her grandmother's home at a time when Fred's wife was at work and brought her to his home on the

premise that she was to perform chores. On all three occasions, he initiated physical contact by requesting that Natisha rub his back. In each incident, Fred kissed Natisha's bare breasts, and on at least one of the charged occasions and the uncharged incident, Fred told Natisha to sit on his penis. The Court finds that all three encounters are similar and that evidence of the uncharged conduct is relevant to this case.

Once evidence offered under rule 413 satisfies the three-prong test for admissibility generally, it becomes appropriate to undertake the rule 403 balancing test for evidence of another sexual assault offense. The Court has carefully considered all of the rule 403 factors that the Tenth Circuit has recognized in the rule 413 context and finds that the United States' proposed evidence of Fred's commission of an uncharged sexual assault offense passes the 403 balancing test.

First, the uncharged act can be clearly proved. Based on the United States' representation, the Court expects that Natisha will testify at trial in support of the content of the 302 Form. Second, the Court finds that the evidence is probative. The acts that constitute the charged incidents and the uncharged incident are similar, all three incidents are alleged to have occurred within a two-month period, and there were no notable intervening events between the charged incidents and the uncharged incident. Third, the alleged crime against Natisha is seriously disputed. Fred contends that no act of sexual assault occurred. Natisha's testimony contradicts Fred's contention, and thus there is a dispute of material fact. Finally, there is no indication that the United States can avail itself of any less prejudicial evidence to assist the jury in assessing credibility. Based on the representations of the United States, there are no third-party witnesses to any of the charged or uncharged incidents, nor any physical evidence that inculpates Fred in this case. Natisha's testimony will be essential to the jury's determination whether Fred committed these crimes, because knowledge that Fred

committed similar acts on other occasions will assist it "in assessing the relative plausibility of these claims and accurately deciding [a] case[] that would otherwise become [an] unresolvable swearing match[]." United States v. Enjady, 134 F.3d at 1431.

Similarly, when the Court considers the "probative dangers" relevant to its 403 analysis, it finds that risks associated with admitting the alleged uncharged sexual assault in this case are not greater than those normally found in rule 413 cases. Seeley v. Chase, 443 F.3d at 1295. First, the Court will give a limiting jury instruction concerning the evidence, minimizing the risk that the evidence will contribute to an improperly based jury verdict. Second, because of the similarity among the acts, and the temporal proximity between them, the evidence will not overly distract the jury from the central issues of the trial. The conduct, modus operandi, and victim are the same in each act. Third, the presentation of the additional evidence should not be overly time consuming because it will not require additional witnesses or evidentiary procedure.

Accordingly, the Court will, pursuant to rule 413, grant in part this pretrial motion in limine and permit the United States to introduce evidence of the uncharged incident of sexual assault that Fred allegedly committed and that is described in the 302 Form.

## II.     THE EVIDENCE RELATED TO THE SHOWER INCIDENTS IS NOT ADMISSIBLE AS RES GESTAE EVIDENCE.

The United States argued at the hearing on this motion that the Court should admit the evidence related to the alleged showering, documented in the January 302 Form, because it is res gestae evidence necessary to fully present the prosecution's case in context. Because the Court believes that evidence of the shower incidents is unnecessary for the United States to fully put on its case, that the evidence being offered is inadmissible propensity evidence not within the scope of rule 413 or offered for a proper purpose under rule 404(b), and that the prejudicial impact of admitting

the evidence would outweigh the evidence's probative value, the Court will exclude the evidence.

At the hearing on this motion, the United States' counsel stated that he did not believe the shower incidents could be defined as sexual assaults admissible pursuant to rule 413 or characterized as some other wrongful activity, which might be admissible for an enumerated purpose pursuant to rule 404(b). The Court agrees that the shower incidents are not sexual assault offenses as categorized in rule 413(d). Moreover, the Court notes that, to the extent the evidence might be admissible under rule 404(b), the United States has not articulated any permissible purpose in support of the evidence's admission. The Tenth Circuit has been critical of the attempt to introduce 404(b) evidence without articulating a proper purpose or through a shotgun or "kitchen sink" approach that merely cites all permissible purposes enumerated in rule 404(b). See United States v. Sullivan, 919 F.2d 1403, 1416 (10th Cir. 1990); United States v. Doran, 882 F.2d 1511, 1523 (10th Cir. 1989)("In demonstrating the relevance of proffered 'other acts' evidence, 'the government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts.'"). Accordingly, the Court will confine its analysis with respect to the shower incidents to determining whether those incidents are admissible as res gestae evidence.

The United States represents that the shower incidents concern the time when Natisha began to feel uncomfortable with Fred and thus are necessary for an understanding of its full case. See Transcript at 7:21-25 (Nayback). The Court disagrees that this additional story is necessary for the jury to understand the case. The United States has not explained how Natisha's feelings of discomfort are relevant to the charged conduct. This evidence does no more than demonstrate a propensity to commit similar offenses; that Natisha may have been uncomfortable during a previous encounter with Fred does not "complete the story of the crime on trial by proving its immediate

context." United States v. Kimball, 73 F.3d at 272. The accusations against Fred, if true, would understandably cause Natisha discomfort regardless whether the earlier shower incidents had occurred. The information offered is not probative of the charged offense, with the exception of its potential to show propensity, because: (i) it does not arise from the same events as the charged offense; (ii) it is not a necessary or integral part of any witnesses' testimony with regard to the crimes charged; and (iii) it does not complete the story of the charged offenses. See United States v. Harvey, 228 F.3d at 748.

In light of all these shortcomings, the Court concludes that the evidence would also be inadmissible under rule 403 because its prejudicial impact would outweigh any probative value it might have. In granting the United States' motion with respect to admitting evidence of the uncharged sexual assault pursuant to rule 413, the Court has already granted the United States permission to introduce evidence demonstrating propensity and implicating a proclivity towards deviant behavior. In so doing, the Court has diluted the probative value of the additional evidence related to the shower incidents. The Court will not admit this evidence, which, because it tends to show propensity, is highly prejudicial; when it has little probative value; and does not fall within an evidentiary exception to the ban against propensity evidence.

Finally, the Court notes that at the hearing on this motion Fred indicated that he may not have any objection to the admission of evidence related to the shower incidents at trial. See Transcript at 4:18-21 (Samore). The Court recognizes that, if Fred chooses not to maintain his objection to this evidence, it is within his prerogative to withdraw his objection. For the present time, however, if the United States wishes to introduce evidence related to the shower incidents, it will have to first approach the bench and allow Fred the opportunity to maintain or withdraw his objection in the

context of a more fully developed record.

**IT IS ORDERED** that the United States' Motion in Limine Regarding Prior Sexual Assaults is granted in part and denied in part. The United States may introduce evidence regarding the uncharged sexual assault described in the 302 Form. The United States may not introduce evidence regarding several shower incidents described in the January 302 Form. If the United States wishes to raise the latter evidence at trial, it must first approach the bench, and the Court will allow Fred to maintain or withdraw his objection to the evidence at that time.

                                                                      _____
                                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Kyle Nayback
  Assistant United States Attorney
    for the District of New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

John F. Moon Samore
Albuquerque, New Mexico

      *Attorney for the Defendant*