IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. CR-05-801 JB

ERNEST FRED,

    Defendant.

### ORDER

**THIS MATTER** comes before the Court on Defendant Ernest Fred's Second Defense Motion to Compel Discovery, filed December 4, 2006 (Doc. 117)("Second Motion to Compel Notes"). The Court held a hearing on this motion on December 4, 2006. The primary issue is whether the Court should compel the United States to disclose the rough investigative notes of the primary case agent in this case, Federal Bureau of Investigation Special Agent Devon Mahoney, regarding Mahoney's interviews of any and all witnesses in this case. At the hearing on this motion, the parties agreed to meet to discuss the scope of Fred's request, if any additional notes do in fact exist, and to arrange any necessary further disclosure. Based on the parties' representations, the Court will not rule on this motion at this time, and will dismiss the motion as moot.

    On April 26, 2006, Fred filed a motion requesting the Court to compel the United States to disclose any personal notes or investigative materials that Federal Bureau of Investigation Special Agent Devon Mahoney may have created regarding an interview of Fred. See Defendant Fred's Motion and Brief Memorandum of Authorities for Early Jencks Act Disclosure, filed April 21, 2006 (Doc. 54). On November 8, 2006, the Court issued an order requiring the United States to determine

if any such notes existed, and if they did exist, to disclose those notes to Fred. See Order, filed November 8, 2006 (Doc. 86). Fred acknowledges that, pursuant to the Court's Order, the United States disclosed investigative notes related to Mahoney's interview of Fred on November 2, 2006. See Second Motion to Compel Notes ¶ 4, at 1.

Fred states that, in addition to having interviewed Fred, Mahoney has interviewed the alleged victim in this case, Natisha F., on two occasions. See id. ¶ 7, at 2. Fred suggests that, because Mahoney has testified that his standard practice is to create and retain rough notes regarding his investigations and interviews, it may be reliably inferred that Mahoney took notes during his interviews with Natisha and maintains possession of those notes. See id. ¶¶ 7-8, at 2. Fred asserts that "the rough investigative notes of at least the Natisha F. interview, if not the entire investigative notes," should be promptly disclosed to the defense. Id. ¶ 10, at 2.

Fred served his Second Motion to Compel Notes on the Court on December 3, 2006 and filed it on December 4, 2006. The trial in this matter is scheduled to begin on December 4, 2006.

At the hearing on this motion, the United States' counsel represented that he had disclosed all investigative notes of which he was aware. See Transcript of Hearing at 222:14-22 (Nayback)(taken December 4, 2006)("Transcript").[1] The United States' counsel stated that he would confer with Fred's counsel to determine the precise scope of Fred's request, would confer with Mahoney to determine if any additional notes existed, and would promptly arrange any necessary further disclosure with Fred's counsel. See id. at 222:10-16. Fred's counsel indicated he would work with the United States' counsel to resolve this request. See id. at 223:2-8 (Samore). Based on the

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

parties' representations, the Court will not rule on the motion and will dismiss the motion as moot.

**IT IS ORDERED** that Fred's Second Defense Motion to Compel Discovery is dismissed as moot, without prejudice to Fred renewing the motion if disputes occur.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Kyle T. Nayback
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John F. Moon Samore
Albuquerque, New Mexico

    *Attorneys for the Defendant*